12-645
Lu v. Holder

BIA
Cheng, IJ
A089 113 956

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand thirteen.

PRESENT:
        ROBERT D. SACK,
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

YONG F. LU, AKA YONG FENG LU,
        *Petitioner*,

        v.                                    12-645
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Richard Tarzia, Belle Mead, N.J.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; James A. Hunolt,
                       Senior Litigation Counsel; David
                       Schor, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yong F. Lu, a native and citizen of the People's Republic of China, seeks review of a January 20, 2012, decision of the BIA affirming the April 16, 2010, decision of Immigration Judge ("IJ") Mary Cheng, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong F. Lu,* No. A089 113 956 (B.I.A. Jan. 20, 2012), *aff'g* No. A089 113 956 (Immig. Ct. N.Y. City Apr. 16, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)*; Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications such as Lu's, governed by the amendments to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a

2

credibility determination on the "demeanor, candor, or responsiveness of the applicant[, and] the consistency of [the applicant's] statements with other evidence of record [], without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 (2d Cir. 2008) (per curiam).

Lu challenges the agency's adverse credibility determination, which was based on his demeanor, inconsistent testimony, application omissions, and insufficient corroboration. Initially, as Lu does not allege that the demeanor findings were based on a misstatement in the record, *cf. Li Zu Guan v. INS*, 453 F.3d 129, 139-40 (2d Cir. 2006), we defer to the agency's determination that his testimony was "non-responsive, evasive, and rehearsed," *see Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Moreover, contrary to Lu's contention, the agency reasonably relied on his inconsistent testimony about the alleged beating he sustained during his detention, as he stated during his credible fear interview that police

3

officers grabbed a folding chair and hit him with it, but he failed to include that information in his testimony, even after prompting by the IJ. *See Xiu Xia Lin*, 534 F.3d at 166-67; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). In addition, the agency did not err in finding that an omission in Jiang's application – that his beating required medical attention – was sufficiently dramatic as to undermine his credibility. *See Xiu Xia Lin*, 534 F.3d at 167; *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111-12 (2d Cir. 2005). The agency did not err in declining to credit Lu's explanations that he initially misunderstood some of the questions, and that he did not believe the medical records were important for his claim. *See Majidi*, 430 F.3d at 80-81 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis retained) (internal citation and quotation marks omitted)).

Finally, the agency reasonably concluded that Lu failed to rehabilitate his testimony as he did not produce any evidence to corroborate his claim that he received medical treatment upon his release from detention. *See Biao Yang v.*

4

*Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

As Lu does not allege an independent factual predicate for relief apart from his non-credible testimony, and as the only evidence of a threat to his life or freedom depended on his credibility, the adverse credibility determination in this case is dispositive of his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5